## NATIONAL FIRE INS. CO. OF HARTFORD, CONN., v. RENIER.

Circuit Court of Appeals, Seventh Circuit. December 1, 1927.

No. 3909.

1. Insurance ☞553(1)—False swearing as to value, to constitute defense to fire policy, must have been intentional and fraudulent.

In order that false swearing as to value shall constitute a defense to action on fire policy, it must be made to appear that overvaluation was intentional and fraudulent.

2. Appeal and error ☞999(1)—Appellate court cannot disturb jury's finding of false swearing as to value in action on fire policy.

Where question as to false swearing as to value in action on fire policy was properly submitted to jury, appellate court cannot disturb jury's finding against insurer.

3. Insurance ☞309—Increased hazard, ceasing three months before fire, held not defense to action on fire policy.

Where increased hazard, if any, existed, and ceased three months before fire, increase of hazard did not constitute a defense to action on fire policy, since loss did not occur while hazard was increased.

4. Evidence ☞474(19)—Insured may give estimate of value of household and other goods destroyed.

Insured, in suing on fire policy, may give estimate of value of household and other goods destroyed.

5. Insurance ☞665(4)—Evidence of cost and length of use of articles destroyed by fire held to support verdict against insurer.

Evidence as to cost of household and other articles destroyed by fire and length of use, constituting some evidence of value, and being uncontradicted, held sufficient to support verdict for insured in action on fire policy.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action by Mrs. Theodore Renier against the National Fire Insurance Company of Hartford, Conn. Judgment for plaintiff, and defendant brings error. Affirmed.

Irving Fish, of Milwaukee, Wis., for plaintiff in error.

V. J. O'Kelliher, of Oconto, Wis., for defendant in error.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an action to recover upon two fire insurance policies. The defenses pleaded were incendiarism, increase of hazard, and false swearing in the proofs of loss.

The only ruling of the court, for the review of which the record furnishes any basis, is the denial of a motion to direct a verdict for the defendant. The record shows that at the close of all the evidence:

"Defendant moves for direction of verdict for defendant and judgment thereon because

"1. On plaintiff's testimony, plaintiff has falsely sworn as to value of the property.

"2. On plaintiff's testimony there was increase of hazard.

"3. Because there has been no competent evidence of damages."

No one of the reasons set forth in this motion is sufficient to support it.

[1, 2] 1. False Swearing as to Value. To make this defense, it must be made to appear that the overvaluation was intentional and fraudulent. Overvaluation through mistake

or inadvertence is not sufficient. The question was, To which class did this belong? The court properly submitted it to the jury, the jury found against plaintiff in error, and we cannot disturb its finding.

[3] 2. *Increase of Hazard.* This was predicated upon the admission of defendant in error that prior to the fire, about three months before, she had been arrested and fined for making moonshine in the insured property, and upon the following provision in one of the policies:

"Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurring * * *

"Increase of hazard,

"(b) while the hazard is increased by any means within the control or knowledge of the insured."

The evidence shows that the increased hazard, if it be such, existed and ceased three months before the fire. The loss, therefore, did not occur *while* the hazard was increased. This ground furnished no basis for the motion.

3. That there was no competent evidence of damages. Under this plaintiff in error contends that there was no competent evidence of the value of the goods destroyed. Defendant in error, without objection, testified to what the various articles destroyed had cost, and the number of years they had been in use. Her counsel then asked her what the sound value of the goods was at the time they were destroyed. This was objected to by plaintiff in error and ruled out. In Barrett v. Fournial (C. C. A.) 21 F.(2d) 298, suit was brought for the value of household goods and personal effects deposited for storage and not returned upon demand. The court held that the plaintiff was competent to testify to the value of her household goods, citing Wigmore on Evidence (2d Ed.) § 716, as follows:

"*Personal Property Value.* Here the general test, that any one familiar with the values in question may testify, is liberally applied, and with few attempts to lay down detailed minor tests. The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objection to this policy."

[4, 5] Defendant in error should have been allowed to give her estimate of the value of the household and other goods destroyed, and the fact that there was no evidence of such value, except cost and length of time of use, was due to the objection of plaintiff in error. Cost and length of use were some evidence of value, and being uncontradicted were sufficient to support the verdict.

This ground fails for a further reason. Plaintiff in error concedes that under the Wisconsin statute the amount of recovery for the buildings destroyed was fixed at $2,400. We are not able to preceive how the court could have directed the jury to return a verdict for defendant, upon the ground that there was no evidence as to damages, in the face of the fact, now conceded, that the destroyed buildings were shown to be of the value of $2,400.

Judgment affirmed.